NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED
APR 0 5 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 06-CV-064-KSF

IN RE: CHRISTOPHER C. RUSSELL

## MEMORANDUM OPINION AND ORDER

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Christopher C. Russell, an individual currently confined in the Federal Medical Center ("FMC") in Lexington, Kentucky, has submitted a letter which the Court has liberally construed as a *pro se* complaint,[1] and Russell has now paid the district court filing fee.

The initial document and its attachments are now before the Court for initial screening. 28 U.S.C. §1915A; 28 U.S.C. §1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

### CLAIMS

The plaintiff claims that the Federal Bureau of Prisons ("BOP") at FMC-Lexington is refusing to treat him for a liver disease which may prove fatal without immediate medical attention. The Court construes the claim as being under the U.S. Constitution, a claim of a violation of the Eighth Amendment prohibition against cruel and unusual punishment.

---

[1] The plaintiff improperly wrote a letter directly to the Court, with several documents attached, including a number of medical records. Because the letter "appears to be a complaint under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)," the Court directed the Clerk of the Court to open a file with the letter as a complaint and initiate an inquiry into the matter of the district court filing fee. Record No. 2.

## RELIEF REQUESTED

The plaintiff seeks alternative injunctive relief, *i.e.*, either immediate interferon treatment or a reduction of his sentence to grant him immediate release, so that he may obtain treatment on his own.

## FACTUAL ALLEGATIONS

In addition to the initial letter and attachments thereto [Record No. 1], the plaintiff has filed additional documents in response to the Court's deficiency order about the fee and his use of the BOP administrative remedy system [Record No. 4]. The Court summarizes the information and chronology contained therein, as follows.

The plaintiff has served 13 years on his current federal sentence and is scheduled for release, with awards of good conduct time, on September 18, 2006. He alleges that on July 20, 2004, a Dr. Shedlofsky ordered a liver biopsy. There were delays, however, which purportedly were not the plaintiff's fault. In the fall of 2005, he pursued a grievance about the matter. In the attached November 2005 response to Administrative Remedy No. 395207-F1, the warden gave reasons for the delay, including other aspects of the plaintiff's health which caused delay; informed Russell that the biopsy had been rescheduled; and deferred to the medical staff's evaluation thereafter, because "[t]reatment for hepatitis C has several complications and a relatively low rate of success."

The biopsy was obtained on December 8, 2005. The plaintiff then describes another delay in receiving the results thereof. He had initiated another grievance before he received the results of the biopsy, in March of 2006. Because his "liver ha[d] gone from stage one level to Stage 3.5," Plaintiff asked for immediate treatment. The warden's response of March 3, 2006, Administrative Remedy No. 404462-F1, confirms that the plaintiff had sought immediate treatment administratively

2

and that the biopsy did "show progression of fibrosis since you were previously treated for the condition following a biopsy done in 1998." As to treatment, however, the warden goes on as follows:

> ... You are considered a non-responder to previous treatment and have a short time remaining within the Bureau of Prisons (BOP). The consultant has identified you as a candidate for treatment with pegylated interferon. Previous studies identified you with Type 1 hepatitis C. The work up done here will assist you to enter a treatment program after release. A request for treatment prior to release will be submitted for review, but does not seem to meet all the criteria for treatment within the BOP.

Attachment dated March 3, 2006.

The plaintiff states that he took an appeal of this response to the BOP regional director and a response to that appeal is due April 13, 2006. He asks that the Court not require that he pursue the matter further administratively because, "I cannot wait for the exhaustion of remedy. I need attention immediately." The BOP has purportedly refused to begin treatment "because I am to be released within a year."

## DISCUSSION

Consistent with the requirement that *pro se* pleadings be liberally construed, the Court has construed that the plaintiff is seeking the Court's jurisdiction pursuant to 28 U.S.C. §1331 and *Bivens*, in order to bring a claim that he is being subjected to cruel and unusual punishment.

Additionally, the allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Nonetheless, there is a limit to the Court's duty; the Court is not to advocate for the plaintiff. *See Berridge v. Heiser*, 993 F.Supp. 1136, 1141 (S.D. Oh. 1998). The Court concludes that for the reasons discussed below, the instant action has exceeded the limits of the Court's discretion to go forward to examine the

3

merits of Plaintiff Russell's construed complaint.

To state a claim that is cognizable as a *Bivens* action, the plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of federal law. *Bivens*, 403 U.S. at 397.

Prison authorities have a constitutional obligation, under the Eighth Amendment, to provide minimally adequate medical care to post-conviction prisoners. *Estelle v. Gamble*, 429 U.S. 97 (1976). In order to state a cognizable constitutional claim, the prisoner must allege acts or omissions "sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Id.* at 106. The instant plaintiff's claim, as presented herein, names no individual defendant who has evidenced deliberate indifference to his current condition.

Perhaps had the plaintiff completed the BOP administrative remedy process, the Court would have a better record to construe which individuals are the appropriate defendants, and what medical issues and rationales militate against the BOP's starting interferon treatment on prisoners who have less than a year to serve. As it is, however, the plaintiff has failed to state an Eighth Amendment claim against any individual.

There is another impediment to going further in the instant case. The BOP's inmate grievance procedure covers medical issues. *See* 28 C.F.R. §§542.10-.19 (1998) (calling for in initial grievance and three levels of appeal). The provisions of §542.18 also have an expedited review if the matter is of an "emergency nature which threatens the inmate's immediate health or welfare," but there is no record that the instant plaintiff invoked it.

4

The courts have long held that exhaustion of these available administrative remedies is required about any complained-of conditions relating to confinement prior to a prisoner's filing a *Bivens* action in federal court. *See Davis v. Keohane*, 835 F.2d 1147, 1148-49 (6th Cir. 1987) (per curiam). In 1996, the judicially imposed exhaustion requirement was strengthened when Congress enacted the following: "No action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a).

The Supreme Court of the United States has twice examined the statute and held that it means precisely what it says. *See Booth v. Churner*, 532 U.S. 731, 741 (2001); *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Moreover, the Sixth Circuit has repeatedly ruled that starting the administrative procedures is insufficient. *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

Additionally, the Sixth Circuit has consistently insisted on a clear demonstration of compliance with the statute at the time of the filing of the action, *i.e.*, a plaintiff must either attach copies of the documents from the administrative process or describe the administrative steps he took and responses he received in the process, with particularity. *Brown v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 117 S. Ct. 88 (1998). Unless the record demonstrates that the requirements of §1997e(a) have been met, a district court must dismiss the lawsuit without prejudice. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).

While the Court is not unsympathetic with the instant plaintiff's current predicament, his coming to this Court at this time without naming defendants or completing the BOP's administrative process, simply cannot be permitted. The incomplete record herein contains virtually no medical

5

information, except the plaintiff's diagnosis and his fears. According to what little information he has been provided, the plaintiff has not yet been denied the interferon treatment. He may yet be offered that or another treatment. The statutory requirement is that the administrative process be "exhausted," not that an inmate wait for a biopsy for more than a year without starting the process; start once and then abandon the process; or begin the process a second time, just before filing a lawsuit, and then continue toward exhaustion post-filing.

One of the obvious benefits of requiring exhaustion is to provide a record for the courts' review. Because the plaintiff has not exhausted, this Court lacks a record and sufficient information for meaningful review. The federal courts have also recognized that there are several additional reasons for the exhaustion requirement. As stated by the Third Circuit in *Lyons v. United States Marshals*, 840 F.2d 202 (3rd Cir. 1988):

> The exhaustion requirement promotes: (1) deference to Congress' decision that independent administrative tribunals, not courts, should serve as the initial forum for dispute resolution; (2) respect for administrative autonomy by minimizing unnecessary judicial intervention; and (3) judicial economy by resolving complaints or setting forth findings of fact.

*Id.* at 205. Because the plaintiff's failure to exhaust violates both the letter and underlying rationale for the law of exhaustion, his cause of action must be dismissed.

Finally, the Court emphasizes that the dismissal herein will be without prejudice to the plaintiff's filing a later lawsuit, should the prisoner's fears be realized and he develops medical evidence that specific actions or inactions by specific people and any delay by them have seriously impacted his health.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** that this action be **DISMISSED,**

*sua sponte*, pursuant to 28 U.S.C. §1915(e)(2)(B), and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This the 5th day of April, 2006.

*KSF*
_____
KARL S. FORESTER, SENIOR JUDGE